## Abram H. Lichty

### v.

## Eli L. Lower et al.

*Principal and Surety—Contribution—Note—Chattel Mortgage on Farm Stock—Estoppel—Agency—Instructions.*

1.   In an action against the agent of the owner of a certain farm to recover the amount paid by the plaintiffs as co-sureties with him on a promissory note given by the tenant on said farm to secure the payment of money borrowed from the landlord, the plaintiffs having signed said note as sureties with the defendant, upon his promise that he would apply certain moneys to be derived from the sale of stock on said farm, which would pass through his hands, to the payment of said note, and upon his assurance as agent of the lender that a mortgage on the interest of said tenant in said stock would be good security, it is *held:* That the defendant can not now be permitted to show that the stock was the property of the landlord, the tenant having failed to pay for the interest claimed therein; and that the verdict for the plaintiffs should be sustained.

[Opinion filed December 8, 1888.]

Appeal from the Circuit Court of Carroll County; the Hon. Richard S. Tuthill, Judge, presiding.

Mr. James Shaw, for appellant.

Messrs. Hunter & Eaton, for appellees.

C. B. SMITH, J.  It appears from this record that W. A. Gorgus owned a farm of about 500 acres in Carroll county, and that B. F. Aiken and his son Frank were his tenants, and that appellant, Abram H. Lichty, was the general agent of Gorgus, who lived in Pennsylvania.  B. F. Aiken wanted to borrow $275, and in his efforts to find a lender he sought the assistance of appellant.  This was in November, 1884.  Appellant informed Aiken that if he could get appellees, Lower and Keim, to go on a note with him he could get him the money. Aiken wanted the money to use on the farm and to assist his son to get married.  Appellees at first refused to go on the note, but after being urged to do so both by Aiken and Lichty they finally consented to and did sign the note, but before having signed, both Aiken and appellant promised and agreed that Aiken should secure them with a chattel mortgage on his half interest in the stock on the farm.

The mortgage was not executed as agreed at the time, and some time after, Keim called on appellant for the mortgage. Appellant then informed him that Aiken would not give the mortgage on his interest in the original stock, but would on its increase.  Appellees refused to accept such a mortgage, and no security was given.  The note became due and Aiken informed appellant that he could not pay it.  Appellant then advised Aiken to go and see appellees and try and get them to renew the note.  This they refused to do.  Again both Aiken and appellant urged appellees to renew the note, and to induce them to do so appellant agreed to sign with them, and also agreed that Aiken should execute his mortgage on his interest in the stock on the farm.  As a further inducement to get appellees to renew the note, appellant assured them that he would have charge of the stock and would manage the whole business, and that when the stock in the mortgage was sold, the money would come to him and he would pay off this note and keep his co-sureties harmless.  Appellant denies this arrangement, but the great preponderance of the evidence is against him.  This second note fell due and was not paid by Aiken.  The mortgaged property had in the meantime been sold by Aiken and converted into money, and paid to appel-

Lichty v. Lower.

lant largely more than enough to pay this note. But after the note fell due he refused to pay more than one-third of the note, which he did pay, and appellees paid the other two-thirds. Appellant claimed that Aiken had never paid for his interest in the stock to Gorgus, and having so failed, that he never obtained any title to the property mortgaged, and that, upon a settlement between Gorgus and Aiken, Aiken was largely indebted to Gorgus, and that the proceeds of the stock therefore belonged to Gorgus. Appellees bring this suit to recover the amount they paid on this note back from appellant. We think the proof amply shows that appellant did agree and promise that if appellees would go on this note with him that he would have the control and management of the farm and the sale of the stock, and the money would pass through his hands, and that he would apply what was necessary to pay this note. Appellant, acting as the agent for Gorgus, assured appellees that a mortgage on this property would be good security and protect them from loss. He can not now be permitted to assume a different attitude.

Again, Gorgus himself, on February 15, 1876, takes a second mortgage on this same property mortgaged to appellees, and in that mortgage he expressly recognizes the validity of the first mortgage and takes his subject to that, so far as that property is concerned.

There could be no legal justification for appellant paying this money to Gorgus or for retaining it himself, and it was his duty when he received it to have paid off this note, and having failed to do so he must now do it.

The case has been submitted to two juries and both have found against appellant, and we are satisfied with the finding. Appellant insists that the court erred in giving instructions for plaintiffs, and in refusing instructions for defendant.

We think there was no error in the giving or refusing instructions. The jury was fully and fairly instructed.

*Judgment affirmed.*

Lacey, P. J., dissenting. I am of the opinion that the court below erred in giving the 1st, 2d and 3d of appellees'

instructions. The evidence in my opinion was quite close and in such condition that the instructions should have been accurate. In the instructions the court assumed that the money received from Aiken by appellant for the sale of the mortgaged property was with an agreement to apply it on the note. In this the instructions were misleading and for this error I am of the opinion that the judgment should be reversed.